### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KELVIN H. TURNER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 15-1215-EFM |
| | ) |
| | ) |
| **ANGELA Y. COLEMAN, et al.,** | ) |
|     **Defendants.** | ) |
| | ) |

## **REPORT AND RECOMMENDATION**

Simultaneous with the filing of this order, the court granted plaintiff's request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 6.) However, the authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

**Background**[1]

Plaintiff files this case on behalf of his minor children, M.T. and Z.T. The named defendants include at least one Kansas state judge for the Sedgwick County District Court, Honorable Harold E. Flaigle, along with plaintiff's former attorneys, Jessica Shur and Terry Beal and their respective employers. Plaintiff apparently seeks to overturn the decision of the state court (Compl., ECF No. 1 at 4) in what the court perceives to be a domestic case. Plaintiff refers to the "Kansas 50/50 law" and asserts that the court erred by not awarding him "half of all property owned." (*Id*.) He alleges that Judge Flaigle was biased in his decisions in Sedgwick County Case No. 13-DM-6860, which denied plaintiff and his minor children their unspecified Constitutional rights.

**Analysis**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court shall dismiss the case at any time if the court determines that the action fails to state a claim on which relief may be granted. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[2] The court reviews the sufficiency of the complaint under the same standards as those used when the court considers a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[3] Because plaintiff proceeds pro se, his pleadings

---

[1] The facts in this section are taken from plaintiff's Complaint (ECF No. 1). This information should not be construed as judicial findings or factual determinations.

[2] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3) (emphasis added).

[3] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

must be liberally construed.[4]  However, plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[5] and the court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[6]  Plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[7]

As an initial consideration, it appears that this court lacks jurisdiction over plaintiff's claims.  Because "federal courts are of limited jurisdiction, they must have a statutory basis for their jurisdiction.[8]  Although plaintiff couches his claims as constitutional violations, he offers no basis for federal question jurisdiction but specifically requests that this court "overturn [the] lower' courts [sic] actions." (Compl., ECF No. 1, at 4.)  Based on the citizenship of the parties, it is clear that diversity jurisdiction is unavailable.  Therefore, it is recommended that the court dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Even if the issue of subject matter jurisdiction were not dispositive, plaintiff offers no plausible claim for relief.  Plaintiff's claim appears to be review of a domestic case adjudicated by the Sedgwick County District Court.  This court is not the proper forum for an appeal of a state court decision.  A review of the complaint confirms that plaintiff

---

[4] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[5] *Id.*
[6] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[7] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[8] *See Perry v. Cowley County Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction: federal jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir.2003)).

neither pleads "enough facts to state a claim to relief that is plausible on its face,"[9] nor presents a rational argument on the facts or law in support of his claim.[10] It is therefore recommended that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS THEREFORE RECOMMENDED** that plaintiff's Complaint be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[11]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 8th day of September 2015.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[9] *Fry v. Beezley*, 2010 WL 1371644, at *1 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10] *Graham v. Sec'y of Health & Human Servs.,* 785 F.Supp. 145, 146 (citing *Dolence v. Flynn*, 628 F. 2d 1280, 1281 (10th Cir. 1980)).

[11] *Morales-Fernandez v. I.N.S*., 418 F.3d 1116, 1119 (10th Cir. 2005).